WRIGHT, J.
The deed may be read; the certificate is, that the acknowledgment was made agreeably to the act in such cases made and provided. The case of Brown v. Farran, 3 O. 152, is in point. If the matter not expressed in words is fairly inferrible from what is expressed, that will do. In this case, the words agreeably to the act, would seem to include all that the law required. But, be that as it may, the deed in this case is admissible; the grantor has a life estate by the courtesy, and during his life, a possessory title under him may be derived from the grant; it is goodj as against him.
The defendant, in order to show title out of the plaintiff, introduced an original petition of an administrator to sell land, with the word “allowed” written on the back by an associate judge. He also offered an order of sale, in the handwriting of a deputy clerk; and a book of minutes made up of quire boohs, and loose pieces of paper, collected and bound several years ago by the present clerk of the Court of Common Pleas of Hamilton county, as the journal of that court. On this book there was no entry of the order of sale, though there were several entries on it the day the order was alleged to have been made, but no minute of an adjournment on that day.
WRIGHT, J. This court has already decided that the order to *213 sell the estate of an intestate, must be made by the court. The acts of the court are, in general, only evidenced by its minutes and records. In this ease, the papers offered are neither' record nor minutes, but a memorandum on a piece of paper. The acts of our courts were never legally evidenced in such a way. If a record existed, and had been destroyed, and that fact was proven, lesser evidence might be let in; but that is not this case; 4 O. 129; 5 O. 447. As to presumptions, they never obtain against facts, though they are often allowed to supply proof of facts. You prove *that there was neither record nor minute kept in this case; [210 you produce the only book where either can be found, if it exists; it is not found there, and yet ask the court, against the fact so proven, to presume that a record was made, and does exist. The conclusion is at war with the premises. The testimony is inadmissible.
Verdict for the defendant. See 5 O. 447.